ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
Los Angeles, California 90067
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Plaintiff Customized Distribution Services, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CUSTOMIZED DISTRIBUTION SERVICES, INC, a Pennsylvania corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>KIDS HEALTHY FOODS, LLC, an Oregon limited liability company, and DOES 1 to 10, inclusive,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR**<br><br>1.   **BREACH OF CONTRACT**<br>2.   **OPEN BOOK ACCOUNT**<br>3.   **ACCOUNT STATED**<br>4.   **SERVICES RENDERED**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Customized Distribution Services, Inc. ("**Plaintiff**") hereby alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.   Plaintiff is a Pennsylvania corporation, whose principal place of business is in New Jersey. Plaintiff is in the business of providing Warehousing services. As more fully set forth herein, this lawsuit arises from the defendants' failure to pay for Warehousing services rendered by Plaintiff to the defendant, and the defendant's request.

2. Plaintiff is informed and believes that defendant Kids Healthy Foods, LLC ("**Defendant**") is a limited liability company organized under the laws of the State of Oregon, and whose principal place of business is Beaverton, Oregon. Plaintiff is further informed and believes, and based thereon alleges, that Defendant is conducting business in San Bernadino, California.

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum of $75,000, exclusive of costs and interest. There is complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

4. Defendant is subject to personal jurisdiction in this Court pursuant to California *Code of Civil Procedure* Section 410.10 because, *inter alia*, it resides and conducts business in this Judicial District. Further, pursuant to contractual agreement of the parties, all disputes by and between the parties regarding the Services were to be resolved in a court of competent jurisdiction in San Bernadino, California.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that defendant is located in and transacts its affairs in this District, and/or a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or the contracts that form the basis of this Complaint were to be performed in the County of San Bernadino, State of California.

6. Plaintiff is unaware of the true names or identities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this Complaint, and for Plaintiff's injury as alleged in this Complaint. Defendant, and DOES 1 through 10 are sometimes referred to herein, collectively, as "Defendants."

/ / /

7.  Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, each of the Defendants, including the DOE Defendants, was either an agent, representative, partner, alter ego and/or joint venturer of the other defendants and that each of said Defendants either participated in, planned, authorized, ratified, adopted and assisted in, conspired in, or acted as an accomplice to, one or more of the various acts, omissions, and agreements alleged herein, or is otherwise legally responsible therefor.

## GENERAL ALLEGATIONS

8.  Plaintiff and Defendant entered into a written agreement (the "**Agreement**") pursuant to which Defendant agreed to purchase from Plaintiff, and Plaintiff agreed to sell to Defendant, certain warehousing services (the "**Services**") at agreed-upon prices and terms. Said services include, but are not limited to, receipt, put away, storage, order selection, shipment, and other services detailed in the parties Agreement. Attached hereto as Exhibit 1 is a true and correct copy of the Agreement.

9.  Pursuant to the oral agreement of the parties, at the conclusion of the initial term of the Agreement, Defendant requested, and Plaintiff agreed to continue performing the Services under the previously agreed upon terms and conditions.

10. Thereafter, Plaintiff regularly invoiced defendants for the Services. Attached hereto as Exhibit 2 are true and correct copies of the invoices that are at issue in this action.

## FIRST CAUSE OF ACTION

**(Breach of Contract – Against All Defendants)**

11. Plaintiff incorporates the allegations set forth in paragraphs 1 through 10 above, as though fully set forth herein.

12. Plaintiff provided to Defendant all of the Services that Defendant had ordered and agreed to pay for from Plaintiff, and Defendant accepted the Services. Plaintiff also issued invoices to Defendant setting forth, among other things, the Services provided, and the amounts owing from Defendant to Plaintiff.

13. Plaintiff has performed all the terms, conditions and covenants required by it to be performed under the parties' agreements, including, without limitation, the provision of the Services, except those excused by the breach and/or nonperformance of Defendant.

14. Defendant has breached the parties' agreements by, among other things, failing and refusing to pay for the Goods at the agreed upon prices. Specifically, as of the date of this Complaint, Defendant has failed to pay Plaintiff $225,083.53 for Services rendered at the request of Defendant.

15. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages of no less than $225,083.53, plus interest thereon at the maximum rate allowable by law.

## SECOND CLAIM FOR RELIEF

**(Open Book Account – Against All Defendants)**

16. Plaintiff incorporates by this reference each of the allegations of Paragraph 1 through 10, inclusive, as though fully set forth herein.

17. Within two years last past, and prior to the commencement of this action, Defendant became indebted to Plaintiff on an open book account in the sum of no less than $328,773.66.

18. Only $103,690.13 of said sum has been paid, leaving $225,083.53 outstanding, which has not been paid, although demand therefor has been made. Accordingly, there is now due, owing and unpaid from Defendant to Plaintiff the sum of no less than $225,083.53.

## THIRD CLAIM FOR RELIEF

**(Account Stated – Against All Defendants)**

19. Plaintiff incorporates by this reference each of the allegations of Paragraph 1 through 10, inclusive as though fully set forth herein.

20. Within two years last past, and prior to the commencement of this action, an account was stated in writing between Plaintiff and Defendant, and Defendant was

indebted to Plaintiff in the sum of no less than $328,773.66. Attached hereto as Exhibit 3 is a true and correct copy of the statement of account, as approved by Defendant.

21. Only $103,690.13 of said sum has been paid, leaving $225,083.53 outstanding, which has not been paid, although demand therefor has been made, despite demands therefor. Accordingly, there is now due, owing and unpaid from Defendant to Plaintiff the sum of no less than $225,083.53, together with interest thereon at the maximum rate allowable by law.

## FOURTH CLAIM FOR RELIEF

### (Services Rendered – Against All Defendants)

22. Plaintiff incorporates by this reference each of the allegations of Paragraph 1 through 10, inclusive as though fully set forth herein.

23. Within 2 years last past, and prior to the commencement of this action, Defendant requested Plaintiff perform certain warehousing services for the benefit of Defendant.

24. Plaintiff performed the requested warehousing services for the benefit of Defendant.

25. Defendant has not paid for the services rendered, the reasonable value of which is $225,083.53.

26. Accordingly, there is now due, owing and unpaid from Defendant to Plaintiff the sum of no less than $225,083.53.

**WHEREFORE**, Plaintiff Customized Distribution Services, Inc. demands judgment against Defendant as follows:

As to the First Claim for Relief

1. For damages of no less than $225,083.53, together with interest thereon from the due date of each invoice at the highest legal rate, according to proof;

As to the Second Claim for Relief

2. For damages of no less than $225,083.53, together with interest thereon

from the due date of each invoice at the highest legal rate, according to proof;

<u>As to the Third Claim for Relief</u>

3. For damages of no less than $225,083.53, together with interest thereon from the due date of each invoice at the highest legal rate, according to proof;

<u>As to the Fourth Claim for Relief</u>

4. For damages of no less than $225,083.53, together with interest thereon from the due date of each invoice at the highest legal rate, according to proof;

<u>As to the All Claims for Relief</u>

5. For costs of suit incurred herein;

7. For attorneys' fees, to the maximum extent allowable by law; and

8. For such further and other relief as the Court deems just and proper.

DATED:  June 27, 2024     RESCH POLSTER & BERGER LLP

By: _____
ANDREW V. JABLON
Attorneys for Plaintiff
Customized Distribution Services, Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

DATED:  June 27, 2024     RESCH POLSTER & BERGER LLP

By: _____
ANDREW V. JABLON
Attorneys for Plaintiff
Customized Distribution Services, Inc.